**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4213**

───────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JOHN ELLIOTT DELONG, II,

                                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Parkersburg.  Joseph Robert Goodwin,
District Judge.  (CR-03-147)

───────────

Submitted:  May 9, 2005                 Decided:  June 8, 2005

───────────

Before WILKINSON, LUTTIG, and DUNCAN, Circuit Judges.

───────────

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

───────────

John R. McGhee, Jr., KAY CASTO & CHANEY PLLC, Charleston, West
Virginia, for Appellant. Kasey Warner, United States Attorney, R.
Gregory McVey, Assistant United States Attorney, Huntington, West
Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

John Elliott Delong, II, appeals from his conviction for conspiracy to manufacture methamphetamine and his resulting 188-month sentence. Delong was convicted after a jury trial, and he raises the following claims: (1) admission of evidence of drug transactions post-dating the dates of the conspiracy alleged in the indictment created a fatal variance, (2) there was insufficient evidence to support the conclusion that Delong was involved in a conspiracy in the Southern District of West Virginia, and (3) his sentence was unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005).

I.

Delong first argues that the district court improperly permitted admission of tape recordings of transactions which post-dated the dates of the conspiracy pled in the indictment. Delong asserts that the admission of this evidence constituted a fatal variance of the indictment.

A variance occurs when the evidence presented at trial differs materially from the facts alleged in the indictment. United States v. Kennedy, 32 F.3d 876, 883 (4th Cir. 1994). However, a variance "does not violate a defendant's constitutional rights unless it prejudices [him] either by surprising him at trial and hindering the preparation of his defense or by exposing him to

- 2 -

the danger of a second prosecution for the same offense." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (when evidence does not alter crime alleged in the indictment, the variance is not fatal).

While Delong argues that, absent this evidence, there was insufficient evidence that he was involved in the conspiracy or even that he knew the purpose of the chemicals, Delong notably does not assert that his ability to present a defense was compromised in any manner, that the alleged variance rendered his trial unfair, or that it subjected him to the danger of a second prosecution for the same offense. The asserted prejudice involves the incriminating nature of the evidence, and is not dependent on the dates of the sales. See Kennedy, 32 F.3d at 883 (holding defendant must prove that jury was likely to transfer evidence from one crime to another, unrelated crime). A mere difference in dates, without the required showing of prejudice, does not constitute reversible error. See United States v. Queen, 132 F.3d 991, 999-1000 (4th Cir. 1997) (holding that specific dates are not elements of the conspiracy offense). Thus, we find that admission of the contested evidence did not create a fatal variance.[1]

_____

[1]Although not cited by Delong, the Government interpreted this issue to challenge the admission of the tape recordings under Fed. R. Evid. 404(b). Even if this was the intended basis of Delong's argument, there was no error. Rule 404(b) is an inclusive rule permitting evidence of other bad acts, excluding only evidence that has no purpose other than to show criminal disposition. See United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997). Here, the

II.

Next, Delong contends that the district court improperly denied his motion for acquittal. Specifically, he states that there was insufficient evidence showing that he conspired with any person other than a government agent. Regarding the testifying cooperating witnesses, Delong asserts that the evidence only supported a buy/sell relationship as opposed to a conspiracy.

When a motion for acquittal is based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We have defined "substantial evidence" as "that evidence which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quotations omitted).

A defendant who furnishes supplies to an illicit dealer is not guilty of conspiracy, unless he knows of the conspiracy, even if his sale furthers the object of the conspiracy to which the dealer was a party. United States v. Falcone, 311 U.S. 205, 210-11

---

contested evidence demonstrated that Delong was aware of the purpose of the hypophosphorous and the illegality of his actions, and that his involvement in the conspiracy was knowing and ongoing. Thus, the evidence was properly admissible under Rule 404(b) to show, among other things, intent, motive, knowledge, and absence of mistake.

- 4 -

(1940). Thus, there must be some understanding beyond just a sales agreement before the evidence can support a conviction for conspiracy. United States v. Bewiq, 354 F.3d 731, 735 (8th Cir. 2003). However, given the parties' actions and the surrounding circumstances, a transaction to which a reasonable person would impute a second conspiratorial agreement can be sufficient. Id. at 735-36; see also United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993) (holding that lengthy buy/sell relationship coupled with a substantial quantity of drugs can support reasonable inference that a conspiracy existed).

We hold that a reasonable jury could have concluded beyond a reasonable doubt that Delong entered into a conspiratorial agreement with certain testifying witnesses and others unknown to distribute hypophosphorous and iodine crystals for the purposes of making illegal methamphetamine. First, sales of hypophosphorous and iodine crystals require the processing of DEA paperwork. See Direct Sales Co. v. United States, 319 U.S. 703, 710 (1943) (holding that the type of good sold should have an effect on the conspiratorial calculus). Second, Delong knew that hypophosphorous was used to make methamphetamine. Third, the sales at issue were not isolated; Delong pursued further sales with promises of "specials" and offers of other chemicals. See Bewiq, 354 F.3d at 736 (by knowingly making the supplying of a necessary ingredient to illegal drug production a continuing part of his business, a seller

- 5 -

of precursor chemicals became part of the manufacturing venture). Fourth, the nature of the sales transactions suggested an illegal goal: the chemicals were packaged in unlabelled bottles and sold for cash with no receipts.

Viewing the evidence in the light most favorable to the Government, we find that a reasonable jury could have concluded that Delong not only sold hypophosphorous with the knowledge that it would be used to make methamphetamine but also agreed to become part of that illegal end. Thus, we affirm the district court's order denying Delong's motion for acquittal.

III.

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Delong contends that his Sixth Amendment right to a jury trial was violated because he was sentenced on facts found by the court and not by the jury. Because Delong did not object to his sentence in the district court based on Blakely or United States v. Booker, 125 S. Ct. 738 (2005), we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Because Delong received a substantially higher sentence than would have been permissible based only on the jury's findings, we vacate and remand Delong's sentence for resentencing under an advisory guidelines system.[2]

_____

[2]Just as we noted in Hughes, 401 F. 3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Delong's sentencing.

- 6 -

See <u>Hughes</u>, 401 F.3d at 547-49, 555-56 (finding that Hughes had satisfied all three prongs of the plain error test set forth in <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993), when he was sentenced to a sentence substantially longer than that permitted based purely on the facts found by a jury, and that the court should exercise its discretion to recognize the error).

Although the guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546. The court should consider the guideline range, along with the other factors described in 18 U.S.C.A. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the guideline range, the court should explain its reasons for departure as required by 18 U.S.C. § 3553(c)(2) (West Supp. 2004). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

---

<u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

Based on the foregoing, we affirm Delong's conviction and vacate his sentence and remand for resentencing.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>

---

[3]Because we vacate Delong's sentence, it is unnecessary for us to reach Delong's challenges to his guidelines calculation.